CONTRERAS FAMILY TRUST,
Plaintiff—Appellant,

v.

UNITED STATES of America, on behalf of The DEPARTMENT OF AGRICULTURE FARM SERVICE AGENCY, Defendant—Appellee.

No. 04–56773.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Nov. 13, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

James D. Van Ness, Esq., Van Ness, Hammond, Mooney LLC, Salem, OR, for Plaintiff–Appellant.

Russell W. Chittenden, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: GIBSON *, FISHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

The Contreras Family Trust ("Contreras") appeals from the district court's order granting summary judgment in favor of the government in a breach of contract suit. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

In 1986 Contreras defaulted on a Farmers' Home Administration [1] ("FmHA") loan involving about 35 acres of land in Ventura, California. Contreras had the right to

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. The Farmers' Home Administration is now the Farm Service Agency.

repurchase the property, and in 1992 the government and Contreras signed a sales contract. On May 10, 1994, FmHA informed Contreras that "the sale must proceed immediately and closing occur within 30 days." On June 8, following an exchange of letters, Contreras requested and received a two-week extension to resolve a lien reattachment issue, but there is no evidence of any further attempt by Contreras to follow through with the purchase. In particular, Contreras never closed the escrow account for the transaction. Contreras sued the United States in 2003, alleging that the government had breached the contract by refusing to complete the sale.

This suit was brought in California state court and removed to federal district court under 28 U.S.C. § 1442(a)(1). In a breach of contract action under California law the plaintiff must prove "performance by the plaintiff or excuse for nonperformance [and] breach by the defendant." *First Commercial Mortgage Co. v. Reece,* 89 Cal. App.4th 731, 745, 108 Cal.Rptr.2d 23 (2001). The district court granted summary judgment in favor of defendant, because Contreras failed to produce any admissible evidence of breach.

Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Contreras argues that summary judgment was erroneous for several reasons. Contreras's main argument is that a current trustee is presumed to have the same personal knowledge of the trust as prior trustees, and accordingly the trustee may testify that he was told about FmHA backing out of the contract. The California cases cited by Contreras do not establish that a current trustee has "personal knowledge" concerning things he or she is told about the trust by prior trustees. The trustee's statements repeating things he had been told are hearsay and hence inadmissible.[2]

■ Contreras also argues that the court should have taken judicial notice of letters Contreras wished to submit into evidence, even if the letters were not otherwise authenticated. The district court did not abuse its discretion by failing to take judicial notice of these letters, especially as there is no indication Contreras asked the district court to do so. In any case, the letters are unhelpful to Contreras since only one of them even addresses the 1994 events, and that letter, an unsigned 1999 document, is clearly hearsay.

■ Contreras raises a number of questions regarding evidence offered by the government in rebuttal. However, there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The government was entitled to summary judgment if Contreras failed to present any admissible evidence supporting an element essential to its claim.

Finally, Contreras's argument that FmHA never demanded payment and so Contreras had no obligation to make payment is contradicted by the record.[3]

---

**2.** "Only admissible evidence may be considered in deciding a motion for summary judgment." *Miller v. Glenn Miller Productions, Inc.,* 454 F.3d 975, 988 (9th Cir.2006).

**3.** At oral argument Contreras advanced a new contention that before FmHA could demand payment the contract required FmHA to notify Contreras that a credit sale had been approved. Contreras also admitted that there

Because Contreras failed to present any admissible evidence supporting its allegations, summary judgment was proper.

**AFFIRMED.**

was no evidence as to whether such notification had been made. Arguments raised for the first time at oral argument normally will not be considered. *See Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998). Moreover, this argument suffers from the same fatal flaw as the rest of Contreras's case: there is no evidence FmHA failed to comply with a contractual condition that would have relieved Contreras of the obligation to submit payment when FmHA demanded it in 1994. Furthermore, FmHA's May 10, 1994 letter to Contreras directing Contreras to proceed with the transaction, implied that the credit sale had been approved.